FILED

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION



2015 MAR 11 A 3: 01

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

ROSE PEARSON,
    Plaintiff

-VS-
CULLMAN ELECTRIC COOPERATIVE,
    Defendant(s)
_____/

3:15-cv-308-J-32JBT

### COMPLAINT

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA").

### JURISDICTION AND VENUE

2. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

3. The alleged violations described in the Complaint occurred in Duval County, Florida.

### FACTUAL ALLEGATIONS

4. Plaintiff is a natural person, and citizen of the State of Florida, residing in Duval County, Florida

5. Plaintiff is a "consumer" as defined in Florida Statute 559.55(2).

6. Plaintiff is an "alleged debtor."

7. Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

1

8. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct. 740, 745, 181 L.Ed.2d 881 (2012).

9. Defendant, CULLMAN ELECTRIC COOPERATIVE, is a corporation which was formed in Cullman County, Alabama with its principal place of business at Cullman, Alabama and contacted Plaintiff in the State of Florida.

10. Plaintiff never held an account with CULLMAN ELECTRIC COOPERATRIVE for electric service or any other service.

11. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1).

12. The debt that is the subject matter of this complaint was related to an electric meter on an account that Plaintiff never owned, possessed, used, or was otherwise associated with.

13. CULLMAN ELECTRIC COOPERATIVE called the Plaintiff approximately 700 times since on or about June 3, 2014, in an attempt to collect a debt through February 2015.

14. CULLMAN ELECTRIC COOPERATIVE attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

15. CULLMAN ELECTRIC COOPERATIVE intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

16. On information and belief, the telephone calls were placed using automated telephone dialing equipment, without human intervention

17. Each call CULLMAN ELECTRIC COOPERATIVE made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce

telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

18. Each call CULLMAN ELECTRIC COOPERATIVE made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

19. CULLMAN ELECTRIC COOPERATIVE has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to the Plaintiff's cellular telephone in this case.

20. CULLMAN ELECTRIC COOPERATIVE has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or CULLMAN ELECTRIC COOPERATIVE, to remove the incorrect number.

21. CULLMAN ELECTRIC COOPERATIVE's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to CULLMAN ELECTRIC COOPERATIVE that they are the wrong party.

22. CULLMAN ELECTRIC COOPERATIVE's corporate policy provided no means for the Plaintiff to have her number removed from the call list.

23. CULLMAN ELECTRIC COOPERATIVE has had numerous complaints from consumers against them across the country asking to not be called, however the Defendant continues to call.

24. Plaintiff did not expressly consent to CULLMAN ELECTRIC COOPERATIVE's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to CULLMAN ELECTRIC COOPERATIVE's placement of the calls.

25. None of CULLMAN ELECTRIC COOPERATIVE's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

26. CULLMAN ELECTRIC COOPERATIVE willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

27. CULLMAN ELECTRIC COOPERATIVE left pre recorded voice messages stating the date of the last meter reading and and a diferent balance each time.

## COUNT I
### (Violation of the TCPA)

28. Plaintiff incorporates Paragraphs 1 through 27.

29. Defendant willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Defendant was calling the wrong number and to stop calling Plaintiff.

30. Defendant knowingly violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Defendant was calling the wrong number and to stop calling Plaintiff.

31. CULLMAN ELECTRIC COOPERATIVE repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against CULLMAN ELECTRIC COOPERATIVE for statutory damages, punitive damages, actual damages, costs, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

32. Plaintiff incorporates Paragraphs 1 through 27.

33. At all times relevant to this action CULLMAN ELECTRIC COOPERATIVE is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

34. CULLMAN ELECTRIC COOPERATIVE has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

35. CULLMAN ELECTRIC COOPERATIVE has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

36. CULLMAN ELECTRIC COOPERATIVE has violated Florida Statute §559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate.

37. CULLMAN ELECTRIC COOPERATIVE's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against CULLMAN ELECTRIC COOPERATIVE for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

/s Tav Gomez

Octavio "Tav" Gomez, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
Florida Bar #: 0338620